UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**PATRICK H. WRIGHT,**
**Plaintiff,**

-vs- **Case No. 6:05-cv-1253-Orl-18KRS**

**UNITED STATES OF AMERICA,**
**Defendant.**

---

# ORDER

THIS CAUSE comes before the Court upon Plaintiff Patrick H. Wright's ("Plaintiff") Motion for Summary Judgment (Doc. 19, filed December 19, 2006) to which the Government responded in opposition (Doc. 21, filed January 19, 2007) and also moved for summary judgment. (Doc. 22, filed January 22, 2007.) Plaintiff responded in opposition to the Government's motion for summary judgment. (Doc. 24, filed January 26, 2007.) Plaintiff brings this action against the Government, challenging the validity of a regulation promulgated by the Department of the Treasury ("the Department"). After reviewing the motions and memoranda submitted by the parties, the Court **DENIES** Plaintiff's motion and **GRANTS** summary judgment to the Government.

## I. BACKGROUND

The parties are in agreement that there are no genuine issues of material fact. Plaintiff is a tax return preparer who maintains a business, PHW & Consulting, Inc., in Orlando, Florida.

Plaintiff is not an attorney, a certified public accountant, an enrolled agent,[1] or an enrolled actuary. However, Plaintiff, as an unenrolled agent, assists businesses and individuals with filing hardship applications before the Taxpayer Advocate's office, filing offers and compromises before the Internal Revenue Service ("IRS"), filing claims for refunds before the IRS, preparing tax return material and information statements to be filed with the IRS, and representing these businesses and individuals in interviews before the IRS. Pursuant to his practice, Plaintiff routinely secures a power of attorney, IRS form 2848, from each of his clients, authorizing him to represent the clients before the IRS for the tax matters specified on the form.

Plaintiff claims that since 1998, he has been repeatedly denied the ability to represent his clients in certain proceedings before the IRS. Specifically, Plaintiff claims that 31 C.F.R § 10.7(c)(1)(viii) unlawfully and arbitrarily limits his right to represent taxpayers before the IRS. That regulation provides that

> [a]n individual who prepares and signs a taxpayer's tax return as the preparer, or who prepares a tax return but is not required (by the instructions to the tax return or regulations) to sign the tax return, may represent the taxpayer before revenue agents, customer service representatives or similar officers and employees of the [IRS] during an examination of the taxable year or period covered by that tax return, but, unless otherwise prescribed by regulation or notice, this right does not permit such individual to represent the taxpayer, regardless of the circumstances requiring representation, before appeals officers, revenue officers, Counsel or similar officers or employees of the [IRS] or [the Department].

---

[1] An enrolled agent is neither an attorney nor a certified public accountant, but an individual who has applied for and been granted enrollment after "demonstrat[ing] special competence in tax matters by written examination . . . and who has not engaged in any conduct that would justify the censure, suspension, or disbarment of any practitioner." 31 C.F.R. § 10.4(a).

31 C.F.R. § 10.7(c)(1)(viii). Based on this claim, Plaintiff initiated this action seeking a declaration that 31 C.F.R. § 10.7(c)(1)(viii) is null and void and that the Government's interpretation of statutes and enforcement of regulations is unconstitutional. (Doc. 1, filed on August 26, 2005.)

## II. DISCUSSION

### *A. Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c): see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof,

however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50. Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

*B. Chevron Analysis*

Plaintiff argues that 31 C.F.R. § 10.7(c)(1)(viii) is invalid because it unlawfully and arbitrarily limits his right to represent taxpayers before the IRS. (Doc. 1 at 1.) The Supreme Court has outlined the appropriate analysis for "review[ing] an agency's construction of the statute which it administers." Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 842 (1984). Courts are confronted with two questions:

> First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress. If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Id. at 842-43 (footnotes omitted).

To determine the validity of 31 C.F.R. § 10.7(c)(1)(viii), this Court begins with the statute it implements, 31 U.S.C. § 330. It provides that "the Secretary of the Treasury may--(1) regulate the practice of representatives of persons before [the Department]." 31 U.S.C. §

330(a)(1). The regulation at issue, 31 C.F.R. § 10.7(c)(1)(viii), limits the practice of unenrolled agents before the IRS, specifically providing that they "may represent the taxpayer before revenue agents, customer service representatives or similar officers and employees of the [IRS] during an examination of the taxable year or period covered by that tax return," but not "before appeals officers, revenue officers, Counsel or similar officers or employees of the [IRS] or [the Department]." 31 C.F.R. § 10.7(c)(1)(viii).

Plaintiff argues that "31 U.S.C. § 330 is not the only statute that affects the practice of representatives of persons before [the Department]." (Doc. 24 at 2.) Indeed, the authority granted to the Secretary of the Treasury ("the Secretary") by 31 U.S.C. § 330 is subject to 5 U.S.C. § 500, providing that attorneys may represent individuals before an agency and that certified public accountants may represent individuals before the IRS. 5 U.S.C. § 500(b)-(c). Plaintiff contends, however, that 26 U.S.C. § 7521 also impacts the practice of representatives before the IRS. It provides that

> [i]f the taxpayer clearly states to an officer or employee of the [IRS] at any time during any interview . . . that the taxpayer wishes to consult with an attorney, certified public accountant, enrolled agent, enrolled actuary, or any other person permitted to represent the taxpayer before the [IRS], such officer or employee shall suspend such interview regardless of whether the taxpayer may have answered one or more questions.

26 U.S.C. § 7521(b)(2). Additionally,

> [a]ny attorney, certified public accountant, enrolled agent, enrolled actuary, or any other person permitted to represent the taxpayer before the [IRS] who is not disbarred or suspended from practice before the [IRS] and who has a written power of attorney executed by the taxpayer may be authorized by such taxpayer to represent the taxpayer in any interview described in subsection (a). An officer or employee of the [IRS] may not require a taxpayer to accompany the representative in the absence of an administrative summons issued to the

> taxpayer under subchapter A of chapter 78. Such an officer or employee, with the consent of the immediate supervisor of such officer or employee, may notify the taxpayer directly that such officer or employee believes such representative is responsible for unreasonable delay or hindrance of an [IRS] examination or investigation of the taxpayer.

26 U.S.C. § 7521(c)). Subsection (a) describes "any in-person interview with any taxpayer relating to the determination or collection of any tax." 26 U.S.C. § 7521(a)(1). However, these statutory provisions do not address the precise question of whether an unenrolled tax agent can represent individuals in all proceedings before the IRS. Despite Plaintiff's contention, 26 U.S.C. § 7521 does not provide that an unenrolled agent may represent a taxpayer in *any* interview; rather, it provides that "any other person permitted to represent the taxpayer before the [IRS]," if the taxpayer has signed an appropriate power of attorney, may represent the taxpayer in interviews regarding the determination or collection of any tax. Section 7521 does not purport to define which "person[s] are permitted to practice before the [IRS]." Instead, it is the regulations that define "[w]ho may practice" and provide that "[a]ny individual qualifying under . . . § 10.7 is eligible to practice before the [IRS] *to the extent provided in those sections*." 31 C.F.R. §10.3(e) (emphasis added). Thus, the Court finds that Congress has not directly spoken to the precise issue of whether an unenrolled agent may represent taxpayers in any proceeding.

Under Chevron, the Court must next determine whether Congress delegated authority to the Department to address this particular issue. "[A]dministrative implementation of a particular statutory provision qualifies for Chevron deference when it appears that Congress delegated authority to the agency generally to make rules carrying the force of law, and that the

agency interpretation claiming deference was promulgated in the exercise of that authority." United States v. Mead Corp., 533 U.S. 218, 226-27 (2001). Plaintiff contends that 31 C.F.R. § 10.7 is an interpretive regulation that is only entitled to deference under Chevron if it is reasonable. (Doc. 24 at 2.) However, in Chevron, the Supreme Court explained that "[i]f Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation." Chevron, 467 U.S. at 843-44. Those "[l]egislative regulations are given controlling weight unless they are arbitrary, capricious, or manifestly contrary to the statute." Id. at 844. If, however, "the legislative delegation to an agency on a particular question is implicit rather than explicit," the regulation will be upheld so long as it is "reasonable." Id. Here, not only did Congress not address the particular issue of whether an unenrolled agent may represent taxpayers in any proceeding before the IRS, but Congress expressly delegated to the Secretary the authority to regulate the practice of representatives of persons before the Department. 31 U.S.C. § 330(a)(1). The task of defining who is permitted to practice before the IRS has been left to the Department and the challenged regulation must be given considerable weight.

The challenged regulation is neither arbitrary, capricious, nor manifestly contrary to statute. It has been implemented under the broad authority that is granted to the Secretary by 31 U.S.C. § 330(a)(1). Since § 330 is the statute that gives the Secretary such authority, and § 7521 does not define who is permitted to practice before the IRS, the challenged regulation is not manifestly contrary to statute. Moreover, the regulatory scheme promulgated by the Department aims to protect the integrity of the internal revenue system, as well as the taxpayers.

(Doc. 22 at 8.) "Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law." United States v. Cleveland Indians Baseball Co., 532 U.S. 200, 219 (2001) (citation omitted). Additionally, the Department's regulations provide for an enrollment process through which agents can demonstrate their qualifications and ability to effectively represent taxpayers before the IRS. 31 C.F.R. §§ 10.4-10.5. An enrolled agent, with a valid power of attorney, can represent taxpayers in any proceeding before the IRS. 26 U.S.C. § 7521(c). As stated by the Government in its motion, "[i]f Plaintiff wishes to be permitted to represent any taxpayer who hires him in any proceeding before the IRS and regardless of whether Plaintiff has prepared that taxpayer's return, Plaintiff should apply to the IRS to become an enrolled agent, as permitted by the Secretary's regulations." (Doc. 22 at 9); see 31 C.F.R. §§ 10.4-10.5.

In addition, 31 C.F.R. § 10.7(c)(1)(viii) is a reasonable regulation implemented by the Department. While Plaintiff contends that the challenged regulation does not adequately protect the taxpayer, this Court will not determine the wisdom of the Department's regulations. "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on the wisdom of the agency's policy, rather than whether it is a reasonable choice within a gap left open by Congress, the challenge must fail." Chevron, 467 U.S. at 866. Plaintiff argues that the regulation is not reasonable "because it imposes on the unenrolled tax return preparer limitations not imposed on other unenrolled representatives, for no legitimate

reason."[2] (Doc. 24 at 6.) However, the Government has set forth legitimate reasons for the categories of individuals it allows to represent taxpayers. (Doc. 22 at 8-9.) All but one of those categories involve special relationships between the taxpayer and the representative. Id. at 8; see 31 C.F.R. § 10.7(c)(1)(i)-(vii). Such special relationships provide an incentive for fair representation of the taxpayer. (Doc. 22 at 8.) The remaining category only applies in a narrow circumstance—when the taxpayer requires representation in another country—and ensures that the taxpayer is represented, even when finding a representative may be difficult. 31 C.F.R. § 10.7(c)(1)(vii). Furthermore, the Government asserts that limiting practice by unenrolled representatives outside these special categories, prevents representatives from circumventing the enrollment process, which includes a demonstration of the representative's competence and

---

[2]The regulations provide that "an individual who is not a practitioner may represent a taxpayer before the [IRS]" in certain circumstances. In addition to allowing limited representation by an unenrolled tax return preparer such as Plaintiff, the regulations provide that

> (i) An individual may represent a member of his or her immediate family.
> (ii) A regular full-time employee of an individual employer may represent the employer.
> (iii) A general partner or a regular full-time employee of a partnership may represent the partnership.
> (iv) A bona fide officer or a regular full-time employee of a corporation (including a parent, subsidiary, or other affiliated corporation), association, or organized group may represent the corporation, association, or organized group.
> (v) A regular full-time employee of a trust, receivership, guardianship, or estate may represent the trust, receivership, guardianship, or estate.
> (vi) An officer or a regular employee of a governmental unit, agency, or authority may represent the governmental unit, agency, or authority in the course of his or her official duties.
> (vii) An individual may represent any individual or entity, who is outside the United States, before personnel of the [IRS] when such representation takes place outside the United States.

31 C.F.R. § 10.7(c)(1)(i)-(vii).

qualifications. (Doc. 22 at 9.) Thus, 31 C.F.R. § 10.7(c)(1)(viii) is a reasonable interpretation made by the Department.

Accordingly, 31 C.F.R. § 10.7(c)(1)(viii) is valid and the Government is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED** and the Government's motion for summary judgment is **GRANTED.** The Clerk of the Court is **DIRECTED TO ENTER JUDGMENT** accordingly and **CLOSE THE CASE.**

**DONE** and **ORDERED** in Orlando, Florida on this 10 day of May, 2007.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties